# United States District Court, Northern District of Illinois

COPY

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 50100 | DATE | 3/15/2002 |
| CASE TITLE | VASQUEZ vs. NORTHERN ILLINOIS HOSPITAL SERVICES | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons set forth in the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted as to count II. Count II is hereby dismissed with prejudice and count I is remanded to the Circuit Court of the 17th Judicial Circuit, Winnebago County, Illinois.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | MAR 28 2002 | |
| | Notified counsel by telephone. | date docketed | 14 |
| | Docketing to mail notices. | | |
| X | Mail AO 450 form. | docketing deputy initials | |
| X | Copy to judge/magistrate judge. ✓ | 3-15-02 | |
| | | date mailed notice | |
| | courtroom deputy's initials /LC | Date/time received in central Clerk's Office | mailing deputy initials |

02 MAR 27 PM 3:57
FILED-WD
CLERK U.S. DISTRICT COURT

1st original mission - Sue Wasman



# MEMORANDUM OPINION AND ORDER

Plaintiff, Anne Vasquez, filed a two-count complaint against defendant, Northern Illinois Hospital Services, Inc., a provider of laundry services for hospitals, in state court. Count I alleges a state law breach of contract claim and count II alleges violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. Defendant properly removed the action to this court pursuant to 28 U.S.C. § 1441 based on federal question jurisdiction over the FMLA claim, 29 U.S.C. § 2617(a)(2). This court has supplemental jurisdiction over the state law claim. 28 U.S.C. § 1367. Defendant's motion for summary judgment is before the court.

Plaintiff worked for defendant and took leave which defendant agrees for purposes of this motion was FMLA leave. Prior to her leave, she had worked at a job called customs. On return she was offered a job called soil sort which involves sorting the dirty laundry as it comes in, sometimes ripping open bags the laundry is delivered in, putting it in carts, and starting work at 4:00 a.m., one hour earlier than customs.(LR 56.1(a), Exh. 1, Pl. Dep. pp. 78-85) Customs involves taking certain laundry which has been sorted by soil sort, washing it, drying it, folding it, and putting it on carts.(Id.) Soil sort involves handling laundry that is bloodier and has more excrement on it than what is handled in customs.(Id. at 45.) The smell is worse in soil sort.(Id.)Soil sort involves more standing in one place.(Id.) Both customs and soil sort are laundry worker positions.(LR 56.1(a), Exh. 2, Miller Dep. at 53) In her affidavit submitted in response to summary judgment, plaintiff asserts soil sort requires more physical effort than customs, more bending, twisting and heavy lifting of bags weighing over 50 lbs.(LR 56.1(b), Exh.1 ¶ 16) Plaintiff contends she was not offered the same or an equivalent position on return from FMLA leave.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See Hall v. Bodine Elec. Co., 276 F.3d 345, 352 (7th Cir. 2002). All facts are construed, and all reasonable inferences drawn, in favor of the nonmoving party. Id. In order to avoid summary judgment, plaintiff must supply evidence sufficient for a jury to render a verdict in her favor. See Basith v. Cook County, 241 F.3d 919, 926 (7th Cir. 2001)

The FMLA provides that an eligible employee who takes leave under the FMLA shall be entitled to be restored to the position of employment held when the leave commenced or to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment. 29 U.S.C. § 2614(a)(1). The FMLA further provides the employee is not entitled to "any right, benefit, or position of employment other than any right, benefit, or position to which the employee would have been entitled had the employee not taken the leave." 29 U.S.C. § 2614(a)(3) The right to reinstatement is not absolute and the employee must establish she is entitled to the benefit she claims. Kohls v. Beverly Enterprises Wisc., Inc., 259 F.3d 799, 804 (7th Cir. 2001)

Plaintiff has not presented any evidence she would have been entitled to remain in customs or that she would not have been subject to reassignment if she had not taken leave. Plaintiff must show the employment action would not have been taken if she had not taken FMLA leave. See Id. at 805; Keiss v. St. Francis Hosp., 1997 WL 417524 (N.D. Ill. 1997)(reassignment unrelated to leave defeats FMLA claim) Defendant presented evidence it had restructured its workforce and eliminated three positions while plaintiff was on leave. (LR 56.1(a), Exh. 1, Pl. Dep., Exh. 2) Plaintiff does not rebut this evidence, but instead states that someone else was doing her former customs job.(LR 56.1(a), Exh. 1, Pl. Dep. p. 30) She does not present any evidence that she could not have been moved out of customs even if she had not taken FMLA leave and therefore has not met her burden to present evidence of entitlement. See Kohls, 259 F.3d at 804.

Plaintiff also has not established she was not offered an equivalent position. The types of differences set out above are not sufficient to prove the jobs are not equivalent. Both are laundry worker jobs that entail handling hospital laundry that is sometimes bloody and contains excrement. More standing, lifting and worse smell do not make the jobs nonequivalent. Plaintiff's testimony that she was told her pay would remain the same for about one month and might go down then, (LR 56.1(a), Exh. 1, Pl. Dep. p.31) is not evidence she was not to receive equivalent pay on her return from leave but merely speculation about the future.[1]

Plaintiff has not established she was not offered an equivalent position on return from FMLA leave. Defendant's motion for summary judgment on this issue is, therefore, granted and count II is hereby dismissed with prejudice. Because this disposes of all the federal claims, the court declines to exercise supplemental jurisdiction over the breach of contract claim which is hereby remanded to state court. See Payne v. Churchich, 161 F.3d 1030, 1043 (7th Cir. 1998), cert. denied, 527 U.S. 1004 (1999)(remand is preferred course when all federal claims are dismissed before trial)

---

[1] Plaintiff's assertion in her brief (Pl. Resp. p. 9) that she was told her pay would, rather than might, go down is not supported by her deposition testimony. (Pl. Dep. pp. 25,31)

AO 450(Rev. 5/85)Judgment in a Civil

# United States District Court
## Northern District of Illinois
### Western Division

Anne - Vasquez

v.

Northern Illinois Hospital Services, Inc.

**JUDGMENT IN A CIVIL CASE**

Case Number: 00 C 50100

RECEIVED MAR 18 2002 WILLIAMS & McCARTHY

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment is granted as to count II. Count II is hereby dismissed with prejudice and count I is remanded to the Circuit Court of the 17th Judicial Circuit, Winnebago County.

FILED-WD 02 MAR 27 PM 3:57 CLERK U.S. DISTRICT COURT

1st original missing - Sue Wessman

Michael W. Dobbins, Clerk of Court

Date: 3/15/2002

Susan M. Wessman, Deputy Clerk